IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: STEVEN JACK KIKUT, Debtor         No. 5:09-bk-71717
                                                                                 Ch. 7

## OPINION AND ORDER

Before the Court is the debtor's second *Motion For Contempt For Violation of Discharge Order* filed in this case on February 8, 2018. The first motion was filed on January 19, 2017. In the first motion, the debtor asked the Court to find that the debtor's loan servicers, Ocwen Loan Servicing, LLC [Ocwen] and Fay Servicing LLC [Fay], violated the bankruptcy code's discharge injunction (11 U.S.C. § 524(a)(2)), the Arkansas Fair Debt Collection Practices Act (Ark. Code Ann. § 17-24-504), and the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692c). After a number of continuances, the Court set the motion for trial on November 21, 2017.[1] To prevail at trial, the debtor would had to have proven by clear and convincing evidence that Ocwen and Fay (1) had knowledge of the debtor's discharge and (2) willfully violated the discharge order by continuing collection activities. The Court denied the debtor's motion for failure to prove by clear and convincing evidence the first element: that the creditors had knowledge of the debtor's discharge. As a result, the Court did not reach the second element.

On December 26, 2017, the debtor timely filed his *Debtor's Motion to Alter or Amend Judgment*, pursuant to Federal Rule of Bankruptcy Procedure 9023. After first arguing that the Court overreached by applying agency law to its findings in the motion for contempt, the debtor argued in the alternative that the knowledge of Bank of America should have been imputed to Ocwen and Fay because they received the transfer of the loan servicing agreement from Bank of America, the mortgage holder. However, in addressing the debtor's motion to alter the judgment, the Court pointed out that the

---

[1] Prior to the hearing, on November 16, 2017, the Court granted in part Ocwen's and Fay's respective motions for summary judgment and dismissed the debtor's fair debt collection practices claims for lack of jurisdiction.

imputation of knowledge was precisely what the Court addressed in its order denying the first motion for contempt when discussing the established agency relationship between both Ocwen and Fay and Bank of America: "the knowledge of Bank of America is not imputed to its servicer." The Court also stated unequivocally that

> the Court has no proof that either Ocwen or Fay had actual knowledge of the debtor's discharge. The debtor testified that he told the creditors that he had filed bankruptcy but never testified that he advised them that he had received a discharge. Nor did his previous bankruptcy counsel testify that he ever told Ocwen or Fay the debtor had received a discharge. Nor did either Ocwen or Fay receive a copy of the Court's order discharging the debtor when it was issued. Although the debtor testified that he was attempting at various times to refinance his residence after he received his discharge, he did not prove by clear and convincing evidence that Ocwen or Fay had actual knowledge that the debtor had received a discharge.

On January 12, 2018, the Court denied the debtor's motion to alter the judgment.[2]

The debtor did not appeal either the Court's order denying the debtor's first motion for contempt or the Court's order denying the debtor's motion to alter or amend the judgment. Instead, on February 8, 2018, the debtor filed his second *Motion For Contempt For Violation of Discharge Order*, this time naming the mortgage holder–Bank of America, N.A.–and the trustee for the foreclosure sale–Christiana Trust, a division of Wilmington Savings Fund Society, FBS, not in its individual capacity but as trustee of ARLP Trust 5; ARLP Trust 5; and Wilmington Savings Fund Society, FSB–as the

---

[2] The debtor also raised for the first time in his motion to alter a new legal theory based on "constructive notice," arguing that the creditors should have investigated the status of the debtor's bankruptcy to determine whether a discharge was entered when the debtor informed them that he had filed bankruptcy. The Court acknowledged that checking the record may have been prudent, but "failure to do so does not necessarily constitute a violation of a court order warranting a finding of contempt. In order for a party to be held in civil contempt for violating a court order, the party must have actual knowledge of that order." *In re Waswick*, 212 B.R. 350, 353 (Bankr. D.N.D. 1997) (citing *Hazen v. Reagan*, 16 F.3d 921, 924 (8th Cir 1994)). In his brief in support of his motion to alter, the debtor argued that it would be "a manifest injustice" to require debtors to use "magic" words, terms, or phrases such as informing a creditor that the debtor has received a discharge.

defendants [collectively, ARLP Trust creditors]. With the exception of now including a Notice of Bankruptcy Case Filing, the documents that the debtor has attached to his second motion for contempt appear to be identical to the documents that were introduced into evidence at the first trial.

On March 6, 2018, the ARLP Trust creditors filed their *Motion to Strike Movant's Motion For Contempt For Violation of Discharge Order*. In its motion, the ARLP Trust argues that the doctrine of res judicata prevents the Court from hearing the debtor's attempt "to take a second bite at the apple." On March 23, 2018, the debtor filed his *Debtor's Response to ARLP Trust's Motion to Strike Debtor's Motion For Contempt For Violation of Discharge Order*.

Before looking at the parties' arguments, a brief history of the case is warranted. This history is from the Court's previous order denying the debtor's first motion for contempt:

> The debtor filed his voluntary chapter 7 petition on April 7, 2009. At the time, Bank of America held the mortgage on the debtor's residence. The debtor stated on his Statement of Intention that he would "retain and pay" Bank of America without indicating that he would enter into a reaffirmation agreement for the debt. The debtor received his discharge on July 13, 2009. In either December 2011 or January 2012 the debtor was "locked out" of his house, presumably by Bank of America. In October 2012, Bank of America transferred the mortgage loan to Ocwen for servicing. During the time that Ocwen was servicing the loan, Ocwen would send account statements, delinquency information, and escrow statements to the debtor. In July 2014, Bank of America began a foreclosure procedure against the property with notice to the debtor. On October 27, 2014, Ocwen issued its Form 1099-A: Acquisition or Abandonment of Secured Property to the debtor, which is the date the property was initially sold at foreclosure. A mortgagee's deed was entered on November 4, 2014, but for some reason was later rescinded on December 29, 2015.
>
> After the mortgagee's deed was rescinded, Ocwen again began sending account statements and delinquency information to the debtor. In June 2016, Bank of America began a second foreclosure procedure against the property. On July 12, 2016, shortly after the second foreclosure procedure started, Ocwen transferred the servicing of the mortgage loan to Fay.

> Despite the transfer, Ocwen sent another account statement to the debtor on July 18, 2016, and updated delinquency information on August 1, 2016. On September 14, 2016, a second mortgagee's deed was entered transferring interest in the property to Christiana Trust as trustee of ARLP Trust 5.

In his second motion for contempt, the debtor has substantially reproduced his previous allegations concerning a violation of the discharge order with two differences. First, rather than identifying Ocwen and Fay specifically, he now refers to them as the "agents" for the ARLP Trust creditors. Despite this reclassification of Ocwen's and Fay's role (apparently based on the Court's previous finding that Ocwen and Fay were agents for Bank of America), the alleged actions resulting in the violation of the discharge order remain the same. Second, even though the Court stated unequivocally in its first order that the debtor failed to establish that Ocwen and Fay had notice of the debtor's discharge, the debtor now alleges for the first time that he had repeatedly attempted to convey to "the Agents" that "he had filed bankruptcy *and had received his discharge in 2009* . . . ." This is the first allegation from the debtor that he conveyed this information to any party.

Res judicata is a legal doctrine that precludes the same parties from relitigating issues that could have been raised in a prior action. *Lundquist v. Rice Memorial Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99 (1981)). "The application of res judicata is fair and not optional." *In re S. Health Care of Ark., Inc.*, 314 B.R. 769, 774 (Bankr. E.D. Ark. 2004) (citing *Moitie*, 452 U.S. at 401). In this case, the prior action is the debtor's first motion for contempt brought against Ocwen and Fay, which the Court denied on December 11, 2017. The federal law concerning res judicata applies. *Cook v. Electrolux Home Products, Inc.*, 353 F. Supp. 2d 1002, 1009 (N.D. Iowa 2005) (first forum's judgment is governed by first forum's law). In making a determination whether res judicata prevents the debtor from bringing his second motion for contempt–this time against the ARLP Trust creditors–the Court must consider three elements: "1) whether the prior judgment was entered by a

4

court of competent jurisdiction; 2) whether the prior decision was a final judgment on the merits; and 3) whether the same cause of action and same parties or their privies were involved in both cases." *Lundquist*, 238 F.3d at 977.

The first two elements have been met. This Court had jurisdiction to hear the debtor's motion for contempt pursuant to 28 U.S.C. § 1334 and entered its judgment after a trial on the merits and careful consideration of the evidence presented. The debtor had reopened his case for the stated purpose of filing the motion for contempt; no other issues were presented to the Court. After the judgment was entered, rather than appeal the Court's decision, the debtor filed his motion to alter or amend the judgment, which the Court denied for the reasons stated above. Again, the debtor failed to appeal the Court's decision. Both orders became final orders after the time to appeal had run.[3]

In the debtor's response to the ARLP Trust creditors' motion to strike, the debtor remarkably argues that the previous order was not a final judgment on the merits. He reasons that because "[t]here has been no determination as to the second element of violation of the discharge injunction," the Court's order was not a final judgment on the merits. The debtor's argument begs the question. All parties had the opportunity to provide the Court with whatever evidence or testimony was required to prove (or disprove) *both* elements that are required to find a violation of the Court's discharge order. The debtor failed to provide any evidence in support of the first element. Having failed to do so, the Court was not required to make a determination as to the sufficiency of the evidence presented in support of, or to contradict, the second required element. The debtor's deficiency of proof does not render the application of res judicata to the

---

[3] According to the Eighth Circuit, "[t]o determine whether a bankruptcy court order is final and reviewable for purposes of § 158(d), this Court considers 'the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding.'" *First Nat. Bank v. Allen*, 118 F.3d 1289, 1293 (8th Cir. 1997) (citing *In re Broken Bow Ranch, Inc.*, 33 F.3d 1005, 1007 (8th Cir.1994)).

debtor's second attempt to find contempt null.  *See, e.g.*, *Egli v. Strimel*, 251 F. Supp. 3d 827, 836 (D.E.D. Pa. 2017) ("To deny preclusive effect to the order in *Egli II* would allow Plaintiff to re-litigate his claim despite his earlier failure to prove his case at trial after being afforded a full opportunity to do so and would encourage precisely the type of piecemeal litigation that *res judicata* is designed to prevent.").

The third element consists of two sub-parts: (1) the existence of privity between the servicers and the ARLP Trust creditors and (2) the same cause of action in both suits.  The Court finds that both sub-parts have been met.  The Eighth Circuit B.A.P. has previously recognized that "[p]rivity of parties within the meaning of res judicata means 'a person so identified in interest with another that he represents the same legal right.'"  *In re Marlar*, 252 B.R. 743, 755 (B.A.P. 8th Cir. 2000) aff'd, 267 F.3d 749 (8th Cir. 2001).  Further, in a case concerning a mortgage holder and its servicer, the Eighth Circuit stated that the interests of the equitable owner of the mortgage at issue–Freddie Mac–and the legal assignee acting as a loan servicer–Wells Fargo–were "sufficiently aligned to hold that the two were in privity as to the foreclosure."  *Pope v. Fed. Home Loan Mortg. Corp.*, 561 Fed. Appx. 569, 572 (8th Cir. 2014).  The debtor argues that because Bank of America and the ARLP Trust creditors filed the foreclosure proceedings and not the servicers, there could be no privity between the parties.  However, the debtor is not challenging the foreclosure procedure, he is challenging the collection tactics used by the servicers *as agents of the ARLP Trust creditors*.  This Court holds that the interests of the ARLP Trust creditors and its servicers, Ocwen and Fay, are so identified in interest with each other that the two respective defendants were in privity as to the allegations contained in the debtor's second motion for contempt.

The second sub-part concerns the alleged causes of action in the first and second motions for contempt.  The only significant difference between the debtor's first motion for contempt and his second motion for contempt is that he is now recognizing Ocwen and Fay as agents of the ARLP Trust creditors; the substantive allegations remain the same.  It is disingenuous to argue that a motion for contempt that alleges the same facts can,

6

somehow, become a different cause of action simply because the debtor has now decided to name the principals, and not the agents, as the defendants. The Court finds that the debtor has stated the same cause of action in both suits and that both motions for contempt are based on the "same nucleus of operative fact, or is based upon the same factual predicate . . . ." *Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 683 (8th Cir. 1997).[4]

Having met all of the elements of res judicata, the Court finds that it is precluded from hearing the debtor's second motion for contempt for the reasons stated above and grants the ARLP Trust creditors' motion to strike the debtor's motion. The debtor's motion for contempt is denied and stricken. Also pending before the Court are the motions to quash subpoenas to produce documents filed by Ocwen and Fay Servicing on March 8, 2018. The Court has previously set the motions for hearing on April 25, 2018. However, because the Court denies the debtor's second motion for contempt, the Court finds that the motions to quash subpoenas are moot and cancels the April 25 hearing.

IT IS SO ORDERED.

/s/ Ben Barry
Ben Barry
United States Bankruptcy Judge
Dated: 04/09/2018

cc:    Theresa L. Pockrus
       Paul E. Gregory
       Charles T. Coleman
       Johnathan D. Horton
       James M. McPherson

---

[4] Although not raised by either party, the Court notes that under the principle of respondeat superior the debtor's second motion for contempt must also fail. The Eighth Circuit cited favorably the Restatement (Second) of Judgments, section 51, stating "that a judgment *against* an injured party which bars him from reasserting his or her claim against that defendant generally also extinguishes any claim he or she has against another person in a vicarious liability relationship with the first defendant . . . ." *Headley v. Bacon*, 828 F.2d 1272, 1278 (8th Cir. 1987).